RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12 / 6 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| LEONIDAS D. LOWRY | DOCKET NO. 13-CV-2220; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KIRK |

MEMORANDUM ORDER

Pro se petitioner Leonidas Lowry is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, as well as a request for stay and abeyance to permit him to complete post-conviction proceedings in the state courts.

This matter has been referred to the undersigned for review in accordance with 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the Motion to Stay pending the outcome of state post-conviction relief proceedings be GRANTED.

*Background*

Petitioner was convicted in the Seventh Judicial District court, Parish of Concordia of two offenses: (1) Docket No. 10-357, attempted simple burglary, and (2) Docket No. 10-1452, simple burglary. After conviction in the latter case, Lowry was charged with being a multiple offender. On September 15, 2010, Lowry was

adjudicated a fourth felony offender[1] and sentenced to a term of sixty-five years of imprisonment. He filed a motion to reconsider sentence, which was denied. Petitioner appealed both convictions and his 65-year sentence. See State v. Lowry, 75 So.3d 980, 2011-361 (La.App. 3 Cir. 11/2/11); State v. Lowry, 75 So.3d 1012, 2011-314 (La.App. 3 Cir. 11/2/11). The Third Circuit Court of Appeal affirmed the conviction and sentencing as a multiple offender. Proceeding pro se, Lowry sought writs in the Louisiana Supreme Court, but the writ application was denied. State v. Lowry, 85 So.3d 694, 2011-2663 (La. 4/9/12).

The Supreme Court, in Rhines v. Weber, 544 U.S. 269 (2005), held that district courts have the discretion to stay rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In this case, it appears that Plaintiff has some exhausted and unexhausted claims, and that his unexhausted claims are potentially meritorious. It is clear that he did not engage in dilatory litigation tactics. [Doc. #1] the one-year limitations period applicable to habeas actions could pose a problem if the Court were to dismiss the petition to allow for

---

[1] The prior felonies used to convict him were: (1) Guilty plea to simple burglary on 11/10/03 in Jefferson Parish; (2) Guilty plea to possession of cocaine on 2/5/04 in Jefferson parish; and (3) Guilty plea to two counts of simple burglary on 3/2/98.

further exhaustion of state remedies. See 28 U.S.C. § 2244(d)(1).

Therefore, Lowry's *Motion to Stay IS GRANTED pending the completion of his state post-conviction proceedings*, subject to the followinG conditions:

    a.   That within SIXTY (60) days of the date the state post-conviction proceedings have concluded, Plaintiff shall file a motion asking this Court to lift the stay, and attaching copies of the relevant state court decisions.

    b.   If the post-conviction proceedings are not concluded by *June 30, 2014*, Plaintiff SHALL FILE a status report indicating the expected completion date of the proceeding.

    c.   In light of the stay, Plaintiff should not file any more documents in this action until the state court proceedings have concluded.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6TH day of December, 2013.

                                                                JAMES D. KIRK
                                                       UNITED STATES MAGISTRATE JUDGE