a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONIDAS D LOWRY #400723,<br>Plaintiff | CIVIL DOCKET NO. 1:13-CV-02220<br>SEC P |
| VERSUS | JUDGE DRELL |
| N BURL CAIN,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Leonidas D. Lowry ("Lowry"). Lowry is an inmate at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He challenges a conviction and sentence imposed in the Seventh Judicial District Court, Concordia Parish.

To determine whether Lowry is entitled to relief, the Petition will be SERVED.

I. Background

Lowry was convicted of attempted simple burglary (Docket No. 10-357) and simple burglary (Docket No. 10-1452). Following the convictions, Lowry was charged with being a multiple offender. He was adjudicated a fourth felony offender premised on the simple burglary conviction; a simple burglary conviction on November 10, 2003; a conviction of possession of cocaine on February 5, 2004; and a conviction of two counts of simple burglary on March 2, 1998. He was sentenced to

65 years of imprisonment. *State v. Lowry*, 2011-361, p. 3 (La.App. 3 Cir. 11/2/11); 75 So.3d 980, 982.

Lowry filed a motion to reconsider sentence, which was denied. He appealed both convictions and the 65-year sentence, raising some assignments of error through counsel, and some pro se. The Louisiana Third Circuit Court of Appeal affirmed the conviction and sentence. *Id.* The Louisiana Supreme Court denied Lowry's writ application. *State v. Lowry*, 85 So.3d 694, 2011-2663 (La. 4/9/12).

Shortly after filing an application for post-conviction relief in the trial court, Lowry filed a § 2254 Petition and a Motion to Stay. Because Lowry's Petition contained unexhausted claims, the Court granted the Motion to Stay pending the resolution of the post-conviction application. ECF No. 18. Lowry's writ application on post-conviction review was ultimately denied by the Louisiana Supreme Court. However, Justice Crichton wrote:

> I would grant and docket this matter to determine whether, after review of the post-conviction record evidence, the defendant's trial counsel rendered ineffective assistance of counsel at sentencing. Where the defendant faces a 65-year sentence as a habitual offender of non-violent crimes, I believe further study is warranted as to whether the defendant's trial counsel failed "to conduct a reasonable investigation into factors which may warrant a downward departure from the mandatory minimum" and to present that information to the district court. *State v. Harris*, 2018-1012, p. 9 (La. 7/9/20), 340 So. 3d 845, 858. If defendant is able to prove he was provided ineffective assistance of counsel at sentencing that resulted in an excessive sentence, the consequences of denying post-conviction relief would leave defendant "with no real remedy for the denial of the Sixth Amendment right to effective representation during sentencing, a critical stage of the proceedings." *Harris*, 2018-1012 (La. 7/9/20), 340 So. 3d 845, 863 (Crichton, J., concurring). When a defendant is denied his or her right to effective representation during sentencing, it is my view that we must adhere to the basic constitutional protections of post-conviction

2

relief to proscribe an excessive sentencing that follows. Accordingly, I would vote to grant defendant's application for review and docket this matter such that the Court may review the constitutional challenges presented with the benefit of the record and further briefing.

*State v. Lowry*, 2022-00941 (La. 11/1/22, 1–2); 349 So.3d 13-14. Justice Griffin agreed with Justice Crichton.

Lowry maintains that his conviction and sentence are unconstitutional.

## II. Service of Process

To determine whether Lowry is entitled to relief, THE CLERK IS DIRECTED to prepare summons and serve a copy of the Petition (ECF No. 1) and this Order on:

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and;

- the District Attorney for the Seventh Judicial District Court, Concordia Parish, where Lowry was convicted and sentenced, via First Class Mail.

The Clerk shall serve Lowry with a copy of this Order only.

IT IS ORDERED that Respondent, through the District Attorney, file within sixty (60) days after the date of service of summons:

1. An answer to the Petition.

    (a) The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not,

3

Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall present applicable case law as to why the claims are not properly reviewable by this Court.

Respondent must also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

Respondent shall also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. *See* 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

(b) In the event Respondent contends that it has been prejudiced in its ability to respond by Petitioner's delay in filing or that the petition is a second or

successive petition under § 2254, Respondent shall set forth such contentions with particularity.

(c) Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1) (as amended by Section 101 of AEDPA) are applicable to this proceeding and bar review of Petitioner's claims.

2. A memorandum of law in support of all issues raised in the answer, citing relevant authority of the United States Court of Appeals for the Fifth Circuit, and referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. **A certified copy of the state court record, including transcripts of all proceedings held in the state courts.**

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court.

5. Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the underlying conviction.

Respondent is to provide the Magistrate Judge with a paper copy of all exhibits filed using CM/ECF. The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively.

An index describing each item submitted and showing each item's page number shall also be filed/attached.

In the event the Respondent is unable to produce any of the above documents, Respondent shall advise this Court in writing why Respondent is unable to produce them.

IT FURTHER IS ORDERED that Petitioner is allowed twenty (20) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner or Respondent(s) shall include a certificate indicating that a copy thereof has been furnished to the other parties.

SIGNED on Monday, December 11, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE